IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SANOFI-AVENTIS U.S. LLC, SANOFI-AVENTIS DEUTSCHLAND GMBH, | ) ) ) |
| Plaintiffs, | ) ) ) C.A. No. 14-113-RGA |
| v. | ) ) |
| ELI LILLY AND COMPANY, | ) ) |
| Defendant. | ) ) ) |

## SCHEDULING ORDER

This 21st day of April, 2014, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b) on April 14, 2014, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five business days of the date of this Order. Except as expressly noted below, the parties will also abide by the Court's Default Standard for Discovery, including Discovery of Electronically Stored Information ("ESI"), as revised on December 8, 2011 ("Default Standard").

The parties shall also make the following disclosures:

    a. <u>Identification of Accused Products and Asserted Patents</u>. Pursuant to Paragraph 4(a) of the Default Standard, by April 18, 2014, Plaintiffs shall specifically identify the accused products and the asserted patents they allegedly infringe, and produce the file history for each asserted patent.

{00850882;v1 }

b. <u>Core Technical Documents</u>. Pursuant to Paragraph 4(b) of the Default Standard, Defendant shall produce to the Plaintiffs the respective Core Technical Documents related to the accused products by April 18, 2014. Defendant's core technical documents produced on April 18, 2014 will include the complete drug product section from the NDA identifying among other things the active and inactive ingredients used in the insulin glargine formulation of the NDA, the medical device section from the NDA identifying the injector pen with which the NDA product may be administered, and assembly and operational drawings of such injector pen.

c. <u>Infringement Contentions</u>. Pursuant to Paragraph 4(c) of the Default Standard, Plaintiffs shall produce to Defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes by May 29, 2014.

d. <u>Invalidity Contentions</u>. Pursuant to Paragraph 4(d) of the Default Discovery Standard, Defendant shall produce to the Plaintiffs its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents) by June 27, 2014.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before November 14, 2014.

3. <u>Discovery</u>.

a. <u>Fact Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before February 2, 2015.

b. <u>Document Production</u>. The parties shall produce documents on a rolling basis and document production shall be substantially complete by October 15, 2014. On or

before April 18, 2014, Defendant will provide Plaintiffs with a copy of the Table of Contents of NDA No. 205-692 and an estimated time for production of samples of prefilled injector pens. Plaintiffs reserve the right to seek production of additional portions of the NDA, including the entire NDA, during discovery, and Defendant reserves the right to object to such request.

  c. <u>Requests for Admission</u>. A maximum of 40 requests for admission are permitted for each side. This does not include requests to authenticate documents prior to trial.

  d. <u>Interrogatories</u>. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

  e. <u>Depositions</u>.

    i. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to no more than a total of 100 hours of taking testimony by fact deposition upon oral examination. For the avoidance of doubt, this 100 hour limit includes depositions of third parties and 30(b)(6) witnesses. Each hour and a half of a deposition in which an interpreter speaks on the record counts as one hour.

    ii. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. If the parties cannot reach agreement on the location of depositions for party-employees, any such depositions will be held in this district. Plaintiffs will advise Defendant by May 2, 2014 whether each named

inventor of the asserted patents will be produced in the United States for his or her deposition. Named inventor Norbert Lill will be produced in the United States for deposition.

        f.      <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall raise the issue with Magistrate Judge Thynge, utilizing Her Honor's procedures for addressing such matters.

    4.    <u>Application to Court for Protective Order</u>. Counsel will confer and attempt to reach an agreement on a proposed form of protective order and submit it to the Court by April 24, 2014. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(f) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

    5.    <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

    6.    <u>Courtesy Copies</u>. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. <u>Claim Construction Issue Identification</u>. On or before July 30, 2014, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrases. This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than August 20, 2014. The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8. <u>Claim Construction Briefing</u>. The Plaintiffs shall serve, but not file, their opening brief, not to exceed 20 pages, on September 23, 2014. The Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on October 23, 2014. The Plaintiffs shall serve, but not file, their reply brief, not to exceed 20 pages, on November 13, 2014. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on November 26, 2014. No later than December 3, 2014, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

### JOINT CLAIM CONSTRUCTION BRIEF

I.   Agreed-upon Constructions

II.  Disputed Constructions

A. [TERM 1]
    1. Plaintiffs' Opening Position
    2. Defendant's Answering Position
    3. Plaintiffs' Reply Position
    4. Defendant's Sur-Reply Position

B. [TERM 2]
    1. Plaintiffs' Opening Position
    2. Defendant's Answering Position
    3. Plaintiffs' Reply Position
    4. Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

9. <u>Hearing on Claim Construction</u>. Beginning at 9:30 am on December 19, 2014, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

10. <u>Disclosure of Expert Testimony</u>.

    a. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before April 9, 2015. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before May 7, 2015. Reply expert reports from the party with the initial burden of proof are due on or before June 2, 2015. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before July 2, 2015.

       b.      <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than July 16, 2015 unless otherwise ordered by the Court.

11.    <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12.    <u>Pretrial Conference</u>. On September 18, 2015 at 8:30 am, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

13.    <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

14. <u>Trial</u>. This matter is scheduled for a 3 day bench trial beginning at 8:30 a.m. on September 28, 2015, with the subsequent trial days beginning at 8:30 a.m. Trial will be timed and the parties will be allocated 10.5 hours each in which to present their respective cases.

15. <u>Referral for Discovery and ADR</u>. This matter is referred to Magistrate Judge Thynge for discovery disputes. The parties are in agreement that referral of this case to a magistrate judge for purposes of exploring alternative dispute resolution would not be productive at this time. In the event that the parties' views on this issue change during the course of the litigation, they shall file a stipulated order of referral for the Court's consideration.

*Richard G. Andrews*
UNITED STATES DISTRICT JUDGE