IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SANOFI-AVENTIS U.S. LLC, SANOFI-AVENTIS DEUTSCHLAND GMBH,

Plaintiffs,

v.

ELI LILLY AND COMPANY,

Defendant.

Civil Action No. 14-113-RGA

MEMORANDUM ORDER

Before the Court are Plaintiffs' Motions in Limine. (D.I. 271-15, 271-16). For the reasons stated below, **IT IS HEREBY ORDERED THAT**:

1. Plaintiffs' Motion in Limine #1, concerning Dr. Ochoa's noninfringement opinions, is **DENIED** as moot. As discussed at the pretrial conference, Lilly will confine its arguments regarding noninfringement of the asserted device patents to the claim limitations set forth in its Statement of Contested Facts filed with the proposed pretrial order. (D.I. 271-3 at 19-21). The noninfringement opinions to which Plaintiffs object depend on claim limitations that Lilly will not assert at trial. Thus, Plaintiffs' motion is moot.

2. Plaintiffs' Motion in Limine #2, concerning Dr. White's testimony, is **DENIED**. Pursuant to their duty to disclose expert testimony, parties must submit a written report prepared and signed by each of their testifying expert witnesses. Fed. R. Civ. P.

1

26(a)(2)(B). The report must contain, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them[ and] the facts or data considered by the witness in forming them." *Id.*

Plaintiffs argue that Defendant failed to comply with its disclosure obligation because Dr. White relied on figures not disclosed in his written report. (D.I. 271-18 at 2-3). Plaintiffs contend that Dr. White admitted during his deposition that he relied on undisclosed graphs or figures. (*Id.* at 3). Defendant responds that all figures on which Dr. White relied were within the Chemir data produced by Plaintiffs and that Dr. White's reliance on the Chemir data was disclosed in his expert report. (D.I. 271-19 at 4). Further, Defendant argues and Plaintiffs concede that Dr. White never stated that he formed any particular opinion on the basis of a figure not disclosed in his report. I conclude that Defendant did not fail to disclose figures upon which Dr. White relied.

Plaintiffs argue that Dr. White's deposition testimony demonstrates that he also relied on undisclosed publications. (D.I. 271-18 at 2-3). Defendant responds that all publications on which Dr. White relied were disclosed in his expert report either specifically or as "materials considered" by Plaintiffs' experts. (*Id.* at 5). Because it was unclear from the deposition transcript whether Dr. White relied on undisclosed publications, I ordered Defendant to submit a declaration by Dr. White clarifying what he meant when he said he considered "additional publications." Dr. White's Declaration explains that during the deposition he "was not thinking about any actual publication considered in forming [his] opinions which had not been disclosed." (D.I. 274-1 at 2).

I therefore conclude that Defendant did not fail to disclose publications upon which Dr. White relied.

Entered this 23 day of September, 2015.

*(signature)*
United States District Judge