IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SANOFI-AVENTIS U.S. LLC, SANOFI-AVENTIS DEUTSCHLAND GMBH, | ) ) ) | |
| *Plaintiffs*, | ) ) | C.A. No. 14-113-RGA-MPT |
| v. | ) ) | ███████████████████ |
| ELI LILLY AND COMPANY, | ) ) | ███████████████████ |
| *Defendant*. | ) ) | |

## <u>PRE-TRIAL ORDER PURSUANT TO L.R. 16.3(D)(1)</u>

ASHBY & GEDDES
Steven J. Balick (#2114)
Tiffany Geyer Lydon (#3950)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-188
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Plaintiffs*

Dated: September 15, 2015

FARNAN LLP
Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendant*

# TABLE OF CONTENTS

Page

I.     Nature Of the Action [L.R. 16.3(c)(1)] ...................................................... 1

   A.    Parties and Patents ...................................................................................... 1

   B.    Commencement of Civil Action No. 1:14-cv-00113-RGA-MPT .................. 2

   C.    Amended Complaint and Subsequent Proceedings ...................................... 4

II.    Jurisdiction [L.R. 16.3(c)(2)] ....................................................................... 5

III.   Admitted Facts [L.R. 16.3(c)(3)] .................................................................. 5

IV.   Disputed Facts [L.R. 16.3(c)(4)] ................................................................... 5

V.    Issues of Law [L.R. 16.3(c)(5)] .................................................................... 5

VI.   Exhibits [L.R. 16.3(c)(6)] ............................................................................. 6

   A.    Trial Exhibits................................................................................................ 6

   B.    Demonstrative Exhibits ............................................................................... 8

VII.  Witnesses [L.R. 16.3(c)(7)] ........................................................................ 10

   A.    Deposition Designations ............................................................................ 11

VIII. Brief Statement of Intended Proofs [L.R. 16.3(c)(8)–(10)] ......................... 12

IX.   Proposed Amendments to the Pleadings [L.R. 16.3(c)(11)] ....................... 13

X.    Certification of Settlement Discussions [L.R. 16.3(c)(12)] ......................... 13

XI.   Miscellaneous Issues ................................................................................... 13

   A.    Stipulations................................................................................................. 13

   B.    *In Limine* Requests ................................................................................... 14

   C.    Damages and Other Remedies [L.R. 16.3(c)(8)–(10)]................................ 15

   D.    Expected Duration and Scope of Trial........................................................ 17

   E.    Type of Trial............................................................................................... 17

   F.    Order of Proof............................................................................................. 17

   G.    Late-Disclosure of Sanofi's Pre-Trial Order Documents ........................... 19

XII.  Order To Control Course Of Action [L.R. 16.3(d)(4)]................................. 20

**NATURE OF THE ACTION [L.R. 16.3(C)(1)]**

**Parties and Patents**

This is an action alleging patent infringement arising under the patent laws of the United States, Title 35, United States Code based on Defendant's filing of a New Drug Application ("NDA") with the Food and Drug Administration ("FDA").

Plaintiffs are Sanofi-Aventis U.S. LLC ("Sanofi U.S.") and Sanofi-Aventis Deutschland GmbH ("Sanofi GmbH") (collectively "Sanofi" or "Plaintiffs"). Sanofi is represented by Steven J. Balick, Andrew Mayo, and Tiffany Geyer Lydon of Ashby & Geddes. Sanofi is also represented by Mark A. Perry, Frederick Brown, Tracey Davies, Joseph Evall, Ernest Hsin, and R. Scott Roe of Gibson, Dunn & Crutcher LLP.

Sanofi U.S. is the holder of approved NDA No. 21-081 for insulin glargine [rDNA origin] for injection to treat diabetes, which is prescribed and sold in the United States under the trademarks Lantus® and Lantus® SoloSTAR®.

Sanofi asserts five patents asserted in this litigation (collectively, "Patents-in-Suit"). United States Patents Nos. 8,556,864 ("the '864 Patent"), 8,603,044 ("the '044 Patent"), and 8,679,069 ("the '069 Patent") are referred to herein by Sanofi as the "Asserted Device Patents." U.S. Patent Nos. 7,476,652 ("the '652 Patent") and 7,713,930 ("the '930 Patent") are referred to herein by Sanofi as the "Asserted Formulation Patents." Sanofi U.S. has listed the Patents-in-Suit in the FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book").

On or about February 10, 2009, Sanofi submitted the '652 patent for listing in the Orange Book. On or about May 13, 2010, Sanofi submitted the '930 patent for listing in the Orange Book. On or about October 25, 2013, Sanofi submitted the '864 patent for listing in the Orange Book. On or about January 6, 2014, Sanofi submitted the '044 patent for listing in the Orange

Book.  On or about March 25, 2014, Sanofi submitted the '069 patent for listing in the Orange

Book.  The Orange Book provides the following expiration dates for the Patents-in-Suit:

      a)  '864 Patent: March 3, 2024

      b)  '044 Patent: March 2, 2024

      c)  '069 Patent: April 12, 2025

      d)  '652 Patent: July 23, 2023

      e)  '930 Patent: June 13, 2023[1]

By assignment, Sanofi GmbH owns all right, title, and interest in and to the Patents-in-

Suit.  Sanofi U.S. is an exclusive licensee of the Patents-in-Suit with exclusive rights, including

the rights to sell and offer to sell in the United States the technologies, products, or services

claimed by the Patents-in-Suit, further including the right to sue and recover for the infringement

of the Patents-in-Suit.

Defendant is Eli Lilly and Company ("Eli Lilly" or "Defendant").  Eli Lilly is represented

by Joseph J. Farnan, Jr., Brian E. Farnan and Michael J. Farnan of Farnan LLP.  Eli Lilly is also

represented by Bruce M. Wexler, Gerald J. Flattmann, David M. Conca, Steven L. Park, and

Nicholas A. Tymoczko of Paul Hastings LLP.

**Commencement of Civil Action No. 1:14-cv-00113-RGA-MPT**

On or about ██████████████, Eli Lilly submitted NDA No. 205-692 to the FDA under

Section 505(b)(2) of the Federal Food, Drug, and Cosmetic Act ("FFDCA"), 21 U.S.C.

§ 355(b)(2), seeking the approval to manufacture commercially and sell its proposed product—

████████████████████████████████████████████████████

---

[1] The '652 and '930 Patents are subject to an additional six months of pediatric exclusivity.

███████████████████████████████████████████

████████████████

On or about December 18, 2013, Eli Lilly sent Sanofi a "Notice of Paragraph IV Certifications" pursuant to § 505(b)(2)(A)(iv) and (b)(3) of the FFDCA, which discloses that its NDA No. 205-692 contained Paragraph IV certifications for the patents listed in the Orange Book as of the time of the Notice, including, *inter alia*, the '864, '652, and '930 Patents.  Sanofi U.S. received Eli Lilly's Notice of Paragraph IV Certifications on December 19, 2013, and Sanofi GmbH received Eli Lilly's Notice of Paragraph IV Certifications on December 20, 2013.

On or about January 23, 2014, Eli Lilly sent Sanofi an amendment to its "Notice of Paragraph IV Certifications" pursuant to § 505(b)(2)(A)(iv) and (b)(3) of the FFDCA, disclosing that Eli Lilly amended its Paragraph IV certifications contained in NDA No. 205-692 to include the '044 Patent.  Sanofi U.S. received Eli Lilly's amendment to its Notice of Paragraph IV Certifications on January 24, 2014, and Sanofi GmbH received Eli Lilly's amendment to its Notice of Paragraph IV Certifications on or about January 27, 2014.

Sanofi commenced case number 1:14-cv-00113-RGA-MPT (the "Action") within 45 days after receiving Eli Lilly's Notice of Paragraph IV Certifications by filing a Complaint on January 30, 2014.  Sanofi asserted that Eli Lilly was infringing under 35 U.S.C. § 271(e)(2)(A) by its submission of NDA No. 205-692 prior to the expiration of the '864, '044, '652, and '930 Patents.  *See* No. 14-113-RGA-MPT, D.I. 1.  Sanofi also asserted that if Eli Lilly's NDA No. 205-692 were to be approved, then Eli Lilly's manufacture, use, sale and/or offer to sell in the United States, and/or importation into the United States, of its Proposed Product would infringe the '864, '044, '652, and '930 Patents under 35 U.S.C. § 271(a), (b), and (c), literally and/or under the Doctrine of Equivalents.  *Id.*  On or about February 19, 2014, Lilly filed its Answer

and Counterclaims denying infringement and alleging counterclaims of, *inter alia*, patent

invalidity and unenforceability with respect to the Asserted Patents. *See* No. 14-113-RGA-MPT,

D.I. 8.

On or about May 14, 2014, Eli Lilly sent Sanofi a "Notice of Paragraph IV Certification

Regarding NDA No. 012081 with Respect to U.S. Patent No. 8,679,069" (the "'069 Patent

Notice of Paragraph IV Certification") pursuant to § 505(b)(2)(A)(iv) and (b)(3) of the FFDCA,

disclosing that Eli Lilly amended its Paragraph IV certifications contained in NDA No. 205-692

to include the '069 Patent.  Sanofi U.S. received Eli Lilly's '069 Patent Notice of Paragraph IV

Certification on May 15, 2014, and Sanofi GmbH received Eli Lilly's Notice of Paragraph IV

Certification soon thereafter.

### Amended Complaint and Subsequent Proceedings

On May 29, 2014, Sanofi filed an Amended Complaint to add the '069 Patent.  Sanofi

asserts in the Amended Complaint that Eli Lilly is infringing each of the Patents-in-Suit under 35

U.S.C. § 271(e)(2)(A) by its submission of NDA No. 205-692 prior to the expiration of the '864,

'044, '652, '930, and '069 Patents.  *See* No. 14-113-RGA-MPT, D.I. 53.  Sanofi also asserted

that if Eli Lilly's NDA No. 205-692 were to be approved, then Eli Lilly's manufacture, use, sale

and/or offer to sell in the United States, and/or importation into the United States, of its Proposed

Product would infringe the '864, '044, '652, '930, and '069 Patents under 35 U.S.C. § 271(a),

(b), and (c), literally and/or under the Doctrine of Equivalents.  *See id.*

On June 16, 2014, Eli Lilly filed its Answer, denying infringement of the Patents-in-Suit

and alleging that the claims of the Patents-in-Suit are invalid.  Eli Lilly also filed counterclaims

consisting of seven counts, including, *inter alia*, a declaration of non-infringement with respect

to the Patents-in-Suit, a declaration of invalidity with respect to the Patents-in-Suit, and a

declaration that certain Patents-in-Suit are unenforceable due to prosecution laches.  *See* D.I. 65.

On July 10, 2014, Sanofi filed its Answer and affirmative defenses, denying each of Eli Lilly's

counterclaims.  *See* D.I. 77.

## JURISDICTION [L.R. 16.3(C)(2)]

This action arises under the patent laws of the United States.  This Court has federal

subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.  Subject

matter jurisdiction and personal jurisdiction are not disputed for purposes of this action.

## ADMITTED FACTS [L.R. 16.3(C)(3)]

The parties stipulate to the facts listed in **Exhibit 1** hereto.  These  stipulated facts require

no proof at trial and will become part of the evidentiary record in this  case.

## DISPUTED FACTS [L.R. 16.3(C)(4)]

Sanofi's statement of issues of fact that are not stipulated for purposes of this pre-trial

order is attached hereto as **Exhibit 2**.

Eli Lilly's statement of issues of fact are not stipulated for purposes of this pre-trial order

is attached hereto as **Exhibit 3**.

## ISSUES OF LAW [L.R. 16.3(C)(5)]

Sanofi's statement of issues of law that provide a legal framework for issues remaining to

be litigated is attached hereto as **Exhibit 4**.

Eli Lilly's statement of issues of law that provide a legal framework for issues remaining

to be litigated is attached hereto as **Exhibit 5**.

## EXHIBITS [L.R. 16.3(C)(6)]

### A. Trial Exhibits

The list of exhibits which, subject to continued meeting and conferring in advance of and during trial, may ultimately be offered jointly by Sanofi and Eli Lilly, is attached hereto as **Exhibit 6**.

The list of exhibits which may be offered by Sanofi, including Eli Lilly's objections thereto, is attached hereto as **Exhibit 7**.

The list of exhibits which may be offered by Eli Lilly, including Sanofi's objections thereto, is attached hereto as **Exhibit 8**.

The parties agree to make physical exhibits, if any, reasonably available for inspection by September 21, 2015.  For the avoidance of doubt, this does not include demonstrative exhibits, described below.

The parties agree that non-English documents included on a party's exhibit list must be accompanied by a certified English translation.  Once the pre-trial order is filed with the Court, modification of trial exhibits will be permitted until 6:00 p.m. ET on September 20, 2015, to the extent necessary to comply with any rulings made by the Court at the pre-trial conference.  After that time, modification of trial exhibit lists will not be permitted except upon order of the Court for good cause shown, or upon agreement of the Parties.

Except as otherwise set forth herein (including but not limited to paragraph 0 regarding impeachment), any document not listed in **Exhibits 6–8** above, as supplemented per paragraph 0 if applicable, will not be admitted into evidence, unless the parties agree otherwise or absent good cause shown.

Each party reserves the right to offer exhibits set forth on the other party's exhibit list, even if not set forth on its own exhibit list. Any trial exhibit, once admitted, may be used equally by either party subject to any limitations as to its admission into evidence.

The parties reserve their rights to raise all objections to exhibits as set forth on the trial exhibit lists. The listing of a trial exhibit does not constitute an admission as to the admissibility of the trial exhibit (i.e., a waiver of any applicable objection). Each party reserves the right to object to the relevance or admissibility of any evidence offered by the other party (or jointly), at the time such evidence is offered, in view of the specific context in which such evidence is offered, or for any other reason as set forth in the Federal Rules of Evidence or other applicable principles of law.

Each party shall serve on opposing counsel by electronic mail a written list by exhibit number of the trial exhibits (i.e., the subset of trial exhibits already disclosed on **Exhibits 6–8** and any timely supplements thereto) that each party intends to use during direct examination of a witness, by 7:00 p.m. ET on the calendar day before such direct examination is expected to take place. The party receiving the identification of exhibits intended for use during direct examination of a witness will inform the party identifying the exhibits of any objections by 9:30 p.m. that same day, and the parties shall meet and confer by 10:00 p.m. ET that evening in a good-faith effort to discuss and resolve any objections to the trial exhibits. The advance notification provision for exhibits does not apply to exhibits to be used during cross-examination.

Other than trial exhibits jointly designated by the parties in **Exhibit 6** and any supplements thereto, or as otherwise agreed by the parties, no exhibit shall be admitted unless offered into evidence through a witness, who must at least be shown the exhibit. At some point before the completion of the parties' case in chief, any party that has used an exhibit with a

witness and wishes for that exhibit to be admitted into evidence must formally move the exhibit into evidence, by exhibit number.

The parties agree that exhibits to be used solely for impeachment need not be included on the lists of trial exhibits or disclosed in advance of being used or offered at trial.  Certified translations of non-English documents intended to be used for impeachment must be affixed to the non-English document and for any non-English document, the translation and non-English document must be served by 7:00 pm ET one calendar day prior to its use in Court.  The party receiving the translations will inform the party providing the translations of any objections to the translations by 9:30 p.m. that same day, unless for good cause shown more time is required (e.g., due to the volume of translated documents).  The parties shall meet and confer by 10:00 p.m. ET that evening in a good-faith effort to discuss and resolve any objections to the translations.

**<u>Demonstrative Exhibits</u>**

Exhibits that the parties intend to use at trial solely for demonstrative purposes without admitting into evidence ("demonstrative exhibits") do not need to be described on their respective lists of trial exhibits.

Each demonstrative exhibit shall clearly indicate on the face of the demonstrative exhibit, if practicable, all information sources (including, if available, trial exhibit numbers) that form the basis for the demonstrative exhibit.  If not practicable to indicate the sources on the face of the demonstrative exhibit itself, an identification of the sources shall accompany the demonstrative exhibit.

Each party shall serve on opposing counsel by electronic mail and/or electronic media full color copies (or videos, for the case of animations) of any demonstrative exhibits that each party intends to use at trial during opening statements or during direct examination of a witness

according to the schedule below.  For irregularly sized physical demonstrative exhibits, the party seeking to use the demonstrative exhibit will provide a color representation as a PDF of 8.5 x 11 inch copies of the demonstrative exhibit and make the original available for inspection by the opposing party.

For demonstrative exhibits to be used in connection with opening statements, each party shall exchange such demonstrative exhibits by 4:00 pm ET the day before opening statements. The party receiving identification of demonstrative exhibits for opening statements will inform the party identifying the demonstrative exhibits of any objections by 9:30 pm ET on the day before opening statements, and the parties will meet and confer as soon as possible thereafter to resolve such objections, but in any event by 10:00 pm ET that same day.

For demonstrative exhibits to be used in connection with direct examination of a witness, each party shall exchange such demonstrative exhibits by 7:00 pm ET on the calendar day before such direct examination is expected to take place.  The party receiving identification of demonstrative exhibits for direct examination will inform the party identifying the demonstrative exhibits of any objections by 9:30 pm ET on the day of receipt, and the parties will meet and confer as soon as possible thereafter to resolve such objections, but in any event by 10:00 pm ET that same day.

For the avoidance of doubt, a demonstrative exhibit that falls into one (and only one) of the following categories is not required to be provided to the other side in advance of its use:  (a) a copy of a single trial exhibit or part of a single trial exhibit, or a blow-up or highlighting of a single trial exhibit or part of a single trial exhibit, or (b) a blow-up or highlighting of a single deposition or trial transcript or part of a single deposition or trial transcript.

The advance notification provisions for demonstrative exhibits do not apply to demonstrative exhibits used in closing statements (to the extent closing statements are required by the Court), or to demonstratives used for cross-examination, which do not need to be provided to the other side in advance of their use.

## WITNESSES [L.R. 16.3(C)(7)]

Sanofi's list of fact and expert witnesses they may call at trial, either live or by deposition, is attached hereto as **Exhibit 9**.

Eli Lilly's list of fact and expert witnesses they may call at trial, either live or by deposition, is attached hereto as **Exhibit 10**.

Any witness not listed in **Exhibits 9 or 10** above will be precluded from trial absent good cause shown.

The *curricula vitae* of live witnesses a party intends to call at trial may be submitted at the time of the pre-trial conference.

The listing of a witness on a party's witness list does not require that party to call that witness to testify, either in person or by deposition, nor shall it constitute an admission as to the availability or unavailability of that witness to appear live at trial.

[Sanofi's proposal: Dr. Norbert Lill will testify primarily in English, but may need the occasional assistance of a German translator.] [Lilly's proposal: No party expects that its witnesses will testify live at trial in a foreign language.]

Each party shall serve on opposing counsel by electronic mail a list of all witnesses (whether live or via deposition testimony) that the party intends to call at trial by 6:00 p.m. ET on the calendar day before such testimony is expected to take place.  The party receiving identification of the witnesses will inform the party identifying the witnesses of any objections

by 8:00 pm ET on the day of receipt, and the parties will meet and confer as soon as possible thereafter to resolve such objections, but in any event by 9:00 pm ET that same day.

### A.  Deposition Designations

Deposition testimony that Sanofi may offer into evidence, together with Eli Lilly's counter-designations and the parties' respective objections, is identified in **Exhibit 11** hereto. Deposition testimony that Eli Lilly may offer into evidence, together with Sanofi's counter-designations and the parties' respective objections, is identified in **Exhibit 12** hereto.  Deposition testimony to be used solely for cross-examination but not admitted into evidence need not be identified to the other side in advance of its use.

Each party shall serve on opposing counsel by electronic mail a written list of the final remaining lines and pages of each deposition transcript (i.e., the subset of deposition designations already disclosed in **Exhibits 11** and **12** and any timely supplements thereto), prior to reading or playing a video of the deposition at trial (other than for impeachment of a witness or cross-examination) that a party intends to use at trial by 7:00 p.m. ET on the calendar day before such deposition designation is expected to be used.  The party receiving the identification of deposition designations will inform the party identifying the deposition designations of any objections and counter-designations by 9:30 p.m. that same day, and the parties shall meet and confer by 10:00 p.m. ET that evening in a good-faith effort to discuss and resolve any objections to the deposition designations.

To the extent that deposition designations or counter-designations are admitted into evidence, they must either be played by video or read in open court.  The parties will request that the court reporter transcribe any deposition video testimony that is played in open Court.  If a party opts to introduce deposition testimony, any counter-designation of that same witnesses'

testimony must be submitted in the same medium, and the testimony designated by both parties will be played or read consecutively in the sequence in which the testimony was originally given at deposition.  To the extent deposition designations are read or played in open court, each party will be charged the time taken to read or play its designations.  For convenience, if both parties' designations are played together, the time charged to each party will be measured by the proportion of the number of lines of testimony for each party's designations as compared to the total number of lines of testimony read or played.  Prior to the introduction of deposition designations or counter-designations, counsel for the introducing party may provide a short introduction to the Court about the identity of the witness and subject matter of deposition testimony, which introduction the parties agree is not evidence and the time for which will be charged against that party.

All irrelevant and redundant colloquy between counsel and objections will be eliminated when the deposition transcript is presented at trial.  However, any objections that the parties intend to seek a ruling on from the Court will be made at trial.

Sanofi and Eli Lilly each reserve the right to read or play as counter-designations any of the other party's affirmative deposition designations that are not read or played at trial, subject to the limitations set forth in Fed. R. Civ. P. 32(a)(6), Fed. R. Evid. 106, and any other applicable Federal or Local Rule.

The listing of a deposition designation does not constitute an admission as  to the admissibility of the testimony nor is it a waiver of any applicable objection.

## BRIEF STATEMENT OF INTENDED PROOFS [L.R. 16.3(C)(8)–(10)]

In support of their claims and in addition to the facts not in dispute,  Sanofi expects to offer the proofs set forth in **Exhibit 13**.

In support of its claims and in addition to the facts not in dispute, Eli Lilly  expects to offer the proofs set forth in **Exhibit 14**.

## PROPOSED AMENDMENTS TO THE PLEADINGS [L.R. 16.3(C)(11)]

Neither party seeks to amend the pleadings at this time.

## CERTIFICATION OF SETTLEMENT DISCUSSIONS [L.R. 16.3(C)(12)]

The parties certify that they have engaged in a good faith effort to explore  the resolution of the controversy by settlement.  A settlement has not yet been reached.

## MISCELLANEOUS ISSUES

### A.  Stipulations

The parties' agreed stipulations for the case are set forth below.

The parties agree that neither side shall require the other side to lay a business record foundation for the introduction of a document as an exhibit, and that the document shall qualify as a business record under Fed. R. Evid. 803(6), <u>unless</u> the document meets one or more of the following conditions: (i) the document was disclosed after the close of discovery, and the disclosing party seeks to introduce the document into evidence; (ii) the document was not identified on the introducing party's "list of pre-marked exhibits" [i.e., **Exhibits 6–8**] pursuant to Local Rule 16.3(c)(6) and 16.3(d) prior to the deadline for supplementation of trial exhibits (*see* ¶ 0); or (iii) the opposing party has made a specific written objection prior to September 24 (*see* ¶ 0) that specifically explains the basis for why the document in question was not created and maintained in the ordinary course of business.

The parties agree that neither side shall require the other side to lay an authenticity foundation for the introduction of a document or thing, including a sample, as an exhibit, and that such document or thing shall be deemed authentic under Fed. R. Evid. 901, <u>unless</u> the document meets one or more of the following conditions: (i) the document was disclosed after the close of

discovery, and the disclosing party seeks to introduce the document into evidence; (ii) the document was not identified on the introducing party's "list of pre-marked exhibits" [i.e., **Exhibits 6–8**] pursuant to Local Rule 16.3(c)(6) and 16.3(d) prior to the deadline for supplementation of trial exhibits (*see* ¶ 0); or (iii) the opposing party has made a specific written objection prior to September 24 (*see* ¶ 0) that specifically explains the basis for why the document in question is not authentic.

Each party agrees that complete legible copies of documents may be offered and received into evidence to the same extent as an original unless a genuine question is raised as to the authenticity of the original, or if in the circumstances it would be unfair to admit the copy in lieu of the original. Complete legible copies of United States and foreign patents and/or applications, and the contents of associated file histories, may be offered and received into evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies.

### *In Limine* Requests

Pursuant to paragraph 13 of the Scheduling Order (D.I. 29), Sanofi's *in limine* requests, along with Eli Lilly's oppositions thereto and Sanofi's replies, are set forth as follows:

a)  **Exhibit 15** contains Sanofi's *In Limine Request Concerning Dr. Ochoa's Opinions Contradicting the Court's Claim Construction*. **Exhibit 15.1** contains Sanofi's opening brief and attachments thereto; **Exhibit 15.2** contains Eli Lilly's opposition brief and attachments thereto; and **Exhibit 15.3** contains Sanofi's reply and attachments thereto.

b)  **Exhibit 16** contains Sanofi's *In Limine Request Concerning Lilly's Failure to Disclose Facts and Data Considered by Dr. White in Forming*

*His Opinions.*  **Exhibit 16.1** contains Sanofi's opening brief and attachments thereto; **Exhibit 16.2** contains Eli Lilly's opposition brief and attachments thereto; and **Exhibit 16.3** contains Sanofi's reply and attachments thereto.

Pursuant to paragraph 13 of the Scheduling Order (D.I. 29), Eli Lilly's *in limine* requests, along with Sanofi's oppositions thereto and Eli Lilly's replies, are set forth as follows:

      a)  **Exhibit 17 withdrawn]**

      b)  **Exhibit 18** contains Eli Lilly's *Motion in Limine to Preclude Sanofi from Contending that Lilly's NDA Product Infringes the '930 Patent on the Basis of "POE Sorbitan*."  **Exhibit 18.1** contains Eli Lilly's opening brief and attachments thereto; **Exhibit 18.2** contains Sanofi's opposition brief and attachments thereto; and **Exhibit 18.3** contains Eli Lilly's reply and attachments thereto.

**Damages and Other Remedies [L.R. 16.3(c)(8)–(10)]**

The parties do not intend to seek damages at this time, except all parties reserve the right to seek attorneys' fees, costs and expenses pursuant to 35 U.S.C. § 285.  Sanofi reserves the right to seek damages if Eli Lilly manufactures, uses, sells and/or offers to sell in the United States, and/or imports into the United States, any of the Proposed Product prior to the expiration date of any of the Patents-in-Suit.  Lilly reserves the right to oppose any attempt by Sanofi to seek damages.

Sanofi requests the following relief from the Court:

      a)  An order that each of the asserted claims of the Patents-in-Suit is infringed and not invalid;

b) An order that the effective date of any approval of Eli Lilly's NDA No. 205-692 be not earlier than the expiration of each of the Patents-in-Suit;

c) Injunctive relief, as appropriate, against any infringement of the Patents-in-Suit by Eli Lilly, their officers, agents, attorneys, and employees, and those acting in privity or contract with them, precluding them from manufacturing, using, selling and/or offering to sell in the United States, and/or importing into the United States Eli Lilly's Proposed Product;

d) A grant of such other and further relief as this Court may deem just and proper.

Lilly requests the following relief from the Court:

a) A declaratory judgment that Lilly has not and will not infringe any valid and enforceable claim of the patents-in-suit under 35 U.S.C. § 271;

b) A declaratory judgment that the patents-in-suit are invalid;

c) A declaratory judgment that the '864, '044, and '069 patents are unenforceable;

d) An Order enjoining and restraining Sanofi and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them from further charges of infringement or acts of enforcement based on the patents-in-suit against Lilly or its actual and prospective business partners, customers, suppliers, clinical investigators, and anyone in privity with Lilly;

e)      A judgment that this case is exceptional and that Lilly is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285;

f)      An award of costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1927;

g)      An award of taxable costs;

h)      An award of interest;

i)      An Order that FDA refrain from staying approval of Lilly's NDA based on this lawsuit;

j)      An Order for such other and further relief as the Court deems just and proper.

**Expected Duration and Scope of Trial**

Trial is scheduled to begin on September 28, 2015 and to last three days, for a total of 21 hours. Fifty percent of the time (10.5 hours total) will be allotted to Sanofi and the remaining fifty percent (10.5 hours total) to Eli Lilly.

Time that a party is presenting opening statements or examining or cross-examining witnesses will be counted as the time of that party. Time spent arguing objections in open Court will be assessed against the party that receives an adverse ruling concerning the objection.

**Type of Trial**

This is a non-jury trial.

**Order of Proof**

The parties disagree as to the order of proof at trial, namely with respect to the presentation of proofs. The parties' respective positions are set forth below.

**[Sanofi's Proposed Order of Proof]:**

    a.  Opening arguments will be delivered in the following order: Sanofi, then Eli Lilly.

    b.  Sanofi will present its case in chief on issues of infringement, including technology background.

    c.  Eli Lilly then will present technology background, its rebuttal on infringement, and its case in chief on issues of patent invalidity and unenforceability, including lack of secondary considerations.

    d.  Sanofi then will present its responsive evidence to Lilly's evidence on infringement and its rebuttal evidence to Lilly's case in chief on issues of patent invalidity and unenforceability, including lack of secondary considerations.

    e.  Eli Lilly then will present its responsive evidence to Sanofi's evidence on issues of patent validity and enforceability, including secondary considerations.

**[Eli Lilly's Proposed Order of Proof]:**

    a.  Opening arguments will be delivered in the following order: Sanofi, then Eli Lilly.

    b.  Sanofi then will present its case in chief on the issue of infringement, including any technology background.

    c.  Upon conclusion of Sanofi's case in chief, Eli Lilly will present its rebuttal on infringement and its case in chief on the issues of patent

invalidity and patent unenforceability, including lack of secondary

considerations and a technology tutorial.

d.   Sanofi thereafter will present its rebuttal case on patent validity

and patent enforceability.

Sanofi and Eli Lilly agree that, whichever proposed order of proof is adopted, the parties

shall submit post-hearing briefs subject to deadlines and page limits to be established by the

Court.

**Late-Disclosure of Sanofi's Pre-Trial Order Documents**

The evening before the pre-trial order was to be filed with the Court, Sanofi informed Eli

Lilly that it intended to revise its Local Rule 16.3(c)(4) 16.3(c)(5), and 16.3(c)(8) disclosures

(Exhibits 2, 4, and 13 to this pre-trial order) and serve them on Lilly at 2 pm on the day the pre-

trial order was due to be filed with the Court.  Sanofi did not disclose what these revisions

entailed.  To the extent Sanofi serves revised versions of its Local Rule 16.3(c)(4) 16.3(c)(5), and

16.3(c)(8) disclosures (Exhibits 2, 4, and 13 to this pre-trial order) containing additions that have

not been discussed with Lilly, Lilly reserves the right to object and seek appropriate relief from

the Court.

The parties have each worked tirelessly to assemble the necessary materials for the PTO.

Both sides have met and conferred, changed drafts, and done their best to cooperate in good faith

with each other. Sanofi proposed to Eli Lilly in July an iterative process of exchanges of the

Local Rule 16.3(c)(4) 16.3(c)(5), 16.3(c)(8) disclosures, which are the parties' individual

statements of disputed facts, statements of law, and statements of intended proofs. During the

course of multiple meet and confer calls and exchanges, Eli Lilly changed its positon on facts

and law, and struck many agreed facts that are not really subject to dispute.  In response, Sanofi

edited its disputed facts, statements of law, and statements of intended proofs in light of Eli Lilly's changes.  This is the normal process for putting together a complicated filing such as the PTO.

### Testifying Language for Sanofi's Witnesses

Given the time contraints, Sanofi should decide whether Dr. Lill will testify solely in English or in German.  Dr. Lill should not be permitted to testify on direct in English then use an interpreter during cross-examination.]

## ORDER TO CONTROL COURSE OF ACTION [L.R. 16.3(D)(4)]

This order shall control the subsequent course of the action, unless  modified by the Court to prevent manifest injustice.

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

_____
Steven J. Balick (#2114)
Tiffany Geyer Lydon (#3950)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-188
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Plaintiffs*

Dated:  September 15, 2015

FARNAN LLP

*/s/ Brian E. Farnan*

_____
Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 North Market Street, 12th Floor
Wilmington, DE  19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendant*

**SO ORDERED:**

Date: _____       _____
                                    Hon. Richard G. Andrews
                                    United States District Judge