IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SANOFI-AVENTIS U.S. LLC, SANOFI-AVENTIS DEUTSCHLAND GMBH, | ) ) ) | |
| *Plaintiffs*, | ) ) | C.A. No. 14-113-RGA-MPT |
| v. | ) ) ) | |
| ELI LILLY AND COMPANY, | ) ) | |
| *Defendant*. | ) | |

**PRETRIAL ORDER EXHIBIT 13:**

**SANOFI'S STATEMENT OF INTENDED PROOFS**

{01044156;v1 }

1. Pursuant to Local Rule 16.3(c), Plaintiffs Sanofi-Aventis U.S. LLC ("Sanofi U.S.") and Sanofi-Aventis Deutschland GmbH ("Sanofi GmbH") (collectively "Sanofi" or "Plaintiffs") submits the following brief statement of the primary matters that Sanofi intends to prove at trial. Sanofi also reserves the right to provide additional proof to rebut any proof offered by Defendant Eli Lilly and Company ("Lilly") before or during trial, in response to rulings by the Court, or for any other good cause. Sanofi reserves the right to supplement or amend this statement to fairly respond to any new issues that Lilly may raise. By including an issue herein, Sanofi does not assume the burden of proof or production with respect to that issue. Sanofi incorporates by reference its expert reports in support of any proof to be presented by expert testimony.

## I. ISSUES ON WHICH PLAINTIFFS BEAR THE BURDEN OF PROOF

2. Sanofi-Aventis U.S. LLC ("Sanofi U.S.") and Sanofi-Aventis Deutschland GmbH ("Sanofi GmbH") (collectively "Sanofi" or "Plaintiffs") will prove by a preponderance of evidence that Eli Lilly and Company ("Lilly" or "Defendant") is infringing each of the asserted claims of the Patents-in-Suit by submitting NDA No. 205-692 to the FDA, seeking approval to manufacture commercially and sell its proposed product—an insulin glargine [rDNA origin] for injection, 100 units/mL ("Lilly's Proposed Insulin Glargine Product"), in a prefilled insulin delivery device ████████████████████, "Proposed Product"), that contains data from bioavailability and/or bioequivalence studies conducted in connection with Sanofi U.S.'s NDA No. 21-081.

3. Lilly alternatively refers to Lilly's Proposed Insulin Glargine Product as "LY2963016" or "Basaglar." ████████████ is a prefilled insulin device that contains Lilly's Proposed Insulin Glargine Product.

4. Sanofi will prove by a preponderance of the evidence that the manufacture, use, sale and/or offer to sell in the United States, and/or importation into the United States, of Lilly's ▮▮▮▮▮▮▮▮▮▮ will infringe the following claims of the Asserted Device Patents, as construed by the Court's *Markman* Order (D.E. 192).

- U.S. Patent No. 8,556,864: claim 2
- U.S. Patent No. 8,603,044: claims 1, 5, 7, 10
- U.S. Patent No. 8,679,069: claim 1

5. Sanofi will prove by a preponderance of the evidence that the manufacture, use, sale and/or offer to sell in the United States, and/or importation into the United States, of Lilly's Proposed Insulin Glargine Product will infringe the following claims of the Asserted Formulation Patents, as construed by the Court's *Markman* Order (D.E. 192) and Supplemental *Markman* Order (D.E. 236):

- U.S. Patent No. 7,476,652: claims 7, 10, 20, 24
- U.S. Patent No. 7,713,930: claims 7, 17

## II. ISSUES ON WHICH LILLY BEARS THE BURDEN OF PROOF

6. Sanofi will, to the extent necessary, introduce evidence to rebut each of Lilly's affirmative defenses and counterclaims.

### A. Asserted Formulation Patents ('652 and '930)

#### a. Written Description

7. Lilly contends that the asserted claims of the Asserted Formulation Patents are invalid for lack of written description for not disclosing additional example showing the use of broader surfactant concentration ranges.

8.    Lilly further contends that the asserted claims of the '930 Patent are invalid for lack of written description for not disclosing additional examples showing the use of broader range of esters and ethers of polyhydric alcohols.

9.    Lilly bears the burden of proof on written description by clear and convincing evidence. Sanofi will introduce, to the extent necessary, evidence to rebut Lilly's written description assertions.

### B.    The Asserted Device Patents ('864, '044, '069)

#### a.    Obviousness

10.    Lilly bears the burden of proof on obviousness by clear and convincing evidence. Lilly contends that claims 1, 2, 4–8 of the '044 Patent, and claim 1 of the '069 Patent are obvious over U.S. Patent No. 6,004,297 ("*Steenfeldt-Jensen*") in view of U.S. Patent No. 7,241,278 ("*Møller*"). Lilly contends that claim 10 of the '044 Patent is obvious over the combination of *Steenfeldt-Jensen*, *Møller*, and U.S. Patent No. 6,221,046 ("*Burroughs*").

11.    Sanofi will show that no prior art alone or in combination with other art discloses each limitation from the asserted claims of the Asserted Device Patents. Sanofi will further show that a person of ordinary skill in the art would not have been motivated to combine the prior art references relied upon by Lilly to arrive at the claimed inventions.

12.    Sanofi will show that, to the extent necessary to rebut Lilly's allegations of obviousness, objective indicia, including but not limited to commercial success, industry praise, and long-felt but unmet need, demonstrate that the claimed inventions would not have been obvious.

        **b.**       **Prosecution Laches**

13. Lilly bears the burden to prove that Sanofi engaged in an unreasonable and unexplained delay that constituted an egregious misuse of the patent system under the totality of circumstance, and that Lilly experienced prejudice due to the delay.

14. Sanofi will introduce, to the extent necessary, evidence to rebut Lilly's allegations of prosecution laches.

## III.   DAMAGES AND OTHER REMEDIES

15. Sanofi does not intend to seek damages at this time, except Sanofi reserves the right to seek attorneys' fees, costs and expenses pursuant to 35 U.S.C. § 285. Sanofi reserves the right to seek damages if Lilly manufactures, uses, sells, offers to sell, or imports any of the Proposed Product prior to the expiration date of any of the Patents-in-Suit.

16. Sanofi requests that the Court grant injunctive relief, as appropriate, against any infringement of the Patents-in-Suit by Lilly, their officers, agents, attorneys, and employees, and those acting in privity or contract with them, precluding them from manufacturing, using, selling and/or offering to sell in the United States, and/or importing into the United States Lilly's Proposed Product.

17. Sanofi requests that the Court order that the effective date of any approval of Lilly's NDA No. 205-692 be not earlier than the expiration of each of the Patents-in-Suit.

18. Sanofi further requests a grant of such other and further relief as this Court may deem just and proper.