# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| SANOFI-AVENTIS U.S. LLC and SANOFI-AVENTIS DEUTSCHLAND GMBH, <br><br> Plaintiffs, <br><br> v. <br><br> ELI LILLY AND COMPANY, <br><br> Defendant. | ) ) ) ) ) ) C.A. No. 14-113-RGA-MPT ) ) ) ) ) ) ) |

**PRE-TRIAL ORDER EXHIBIT 14**
**ELI LILLY'S STATEMENT OF INTENDED PROOFS**

## TABLE OF CONTENTS

**Page**

I.    Noninfringement ................................................................................................................. 1

    A.    U.S. Patent 8,556,864 ("the '864 Patent") ............................................................... 1

    B.    U.S. Patent 8,603,044 ("the '044 Patent") ............................................................... 2

    C.    U.S. Patent 8,679,069 ("the '069 Patent") ............................................................... 2

    D.    U.S. Patent 7,476,652 ("the '652 Patent") ............................................................... 3

    E.    U.S. Patent 7,713,930 ("the '930 Patent") ............................................................... 3

II.   Invalidity .............................................................................................................................. 4

    A.    The '864 Patent ........................................................................................................ 4

    B.    The '044 Patent ........................................................................................................ 4

    C.    The '069 Patent ........................................................................................................ 5

    D.    The '652 Patent ........................................................................................................ 6

    E.    The '930 Patent ........................................................................................................ 6

III.  Prosecution laches ............................................................................................................... 7

IV.   Remedies .............................................................................................................................. 7

Pursuant to Local Rule 16.3(c), Defendant Eli Lilly and Company ("Lilly") submits the following brief statement of the primary matters that Lilly intends to prove at trial. This statement is not exhaustive, and Lilly reserves the right to prove any matter identified in its pleadings, discovery responses, expert reports, and the accompanying statements of issues of fact and issues of law that remain to be litigated at trial. Lilly also reserves the right to provide additional proof to rebut any proof offered by Plaintiffs Sanofi-Aventis U.S. LLC and Sanofi-Aventis Deutschland GmbH (collectively, "Sanofi") before or during trial, in response to rulings by the Court, or for any other good cause. Lilly reserves the right to supplement or amend this statement to fairly respond to any new issues that Sanofi may raise. By including an issue herein, Lilly does not assume the burden of proof or production with respect to that issue. Lilly incorporates by reference its expert reports in support of any proof to be presented by expert testimony.

## I.    NONINFRINGEMENT

### A.    U.S. Patent 8,556,864 ("the '864 Patent")

1. Sanofi has the burden of proving by a preponderance of the evidence that Lilly's NDA seeks approval from the FDA for the manufacture, use, sale, offer for sale, or importation of a product that infringes claims 2 and 3 of the '864 patent. Lilly intends to show that Sanofi has failed to meet its burden to prove infringement by a preponderance of the evidence, at least because Sanofi has failed to prove that the ▬▬▬▬▬ employs a drive sleeve releasably connected to the dose dial sleeve and/or a clutch mechanism located between the dose dial sleeve and the drive sleeve.

2. Lilly intends to prove it is entitled to a judgment declaring that the manufacture, use, sale, offer for sale, or importation of Lilly's proposed NDA product would not infringe

claims 2 and 3 of the '864 patent, if those claims were valid and enforceable, at least and Counterclaim Plaintiff for the same reasons as set forth above.

### B.  U.S. Patent 8,603,044 ("the '044 Patent")

3.  Sanofi has the burden of proving by a preponderance of the evidence that Lilly's NDA seeks approval from the FDA for the manufacture, use, sale, offer for sale, or importation of a product that infringes claims 1, 2, 4, 5, 6, 7, 8, and 10 of the '044 patent.  Lilly intends to show that Sanofi has failed to meet its burden to show infringement by a preponderance of the evidence, at least because Sanofi has failed to prove that the ▇▇▇▇▇▇ employs a drive sleeve releasably connected to the dose dial sleeve and/or a tubular clutch.

4.  Lilly intends to prove it is entitled to a judgment declaring that the manufacture, use, sale, offer for sale, or importation of Lilly's proposed NDA product would not infringe claims 1, 2, 4, 5, 6, 7, 8, and 10 of the '044 patent, if those claims were valid and enforceable, at least for the same reasons as set forth above.

### C.  U.S. Patent 8,679,069 ("the '069 Patent")

5.  Sanofi has the burden of proving by a preponderance of the evidence that Lilly's NDA seeks approval from the FDA for the manufacture, use, sale, offer for sale, or importation of a product that infringes claim 1 of the '069 patent.  Lilly intends to show that Sanofi has failed to meet its burden to prove infringement by a preponderance of the evidence, at least because Sanofi has failed to prove that the ▇▇▇▇▇▇ lacks a drive sleeve releasably connected to the dose dial sleeve and/or a tubular clutch.

6.  Lilly intends to prove it is entitled to a judgment declaring that the manufacture, use, sale, offer for sale, or importation of Lilly's proposed NDA product would not infringe claim 1 of the '069 patent, if this claims were valid and enforceable, at least for the same reasons as set forth above.

### D. U.S. Patent 7,476,652 ("the '652 Patent")

7. Sanofi has the burden of proving by a preponderance of the evidence that Lilly's NDA seeks approval from the FDA for the manufacture, use, sale, offer for sale, or importation of a product that infringes claims 7, 10, 16, 20, 23, and 24 of the '652 patent. Lilly intends to show that Sanofi cannot meet its burden to prove infringement by a preponderance of the evidence, at least because Sanofi has failed to prove that Lilly's proposed NDA product contains ███████████████████████████████████████████████

8. Lilly intends to prove it is entitled to a judgment declaring that the manufacture, use, sale, offer for sale, or importation of Lilly's proposed NDA product would not infringe claims 7, 10, 16, 20, 23, and 24 of the '652 patent, if those claims were valid and enforceable, at least for the same reasons as set forth above.

### E. U.S. Patent 7,713,930 ("the '930 Patent")

9. Sanofi has the burden of proving by a preponderance of the evidence that Lilly's NDA seeks approval from the FDA for the manufacture, use, sale, offer for sale, or importation of a product that infringes claims 7, 13, and 17 of the '930 patent. Lilly intends to show that Sanofi has failed to meet its burden to prove infringement by a preponderance of the evidence, at least because Sanofi has failed to prove that Lilly's proposed NDA product contains ███████ ██████████████████████████████████████████████████████████████ If Sanofi is permitted to introduce its new '930 patent infringement theory based on ███████████████████████ then Lilly intends to show that Sanofi has failed to meet its burden to prove infringement by a preponderance of the evidence, at least because Sanofi has failed to prove that Lilly's proposed NDA formulation contains ███████████████████

10. Lilly intends to prove it is entitled to a judgment declaring that the manufacture, use, sale, offer for sale, or importation of Lilly's proposed NDA product would not infringe

claims 7, 13, and 17 of the '930 patent, if those claims were valid and enforceable, at least for the same reasons as set forth above. If Sanofi is permitted to introduce its new '930 patent infringement theory based on ████████████, then Lilly intends to show that Sanofi has failed to meet its burden to prove infringement by a preponderance of the evidence, at least for the same reasons as set forth above.

## II.  INVALIDITY

### A.  The '864 Patent

11.  Lilly intends to prove by clear and convincing evidence that claims 2 and 3 of the '864 patent are invalid under 35 U.S.C. § 103(a) because they would have been obvious as of the time of the alleged invention in view of the prior art, which includes the teachings of U.S. Patent No. 6,044,297 ("*Steenfeldt-Jensen*") and U.S. Patent No. 7,241,278 ("*Møller*").

12.  Sanofi has the burden of producing evidence of any secondary considerations of non-obviousness to support the validity of claims 2 and 3 of the '864 patent including a nexus between such alleged secondary considerations of non-obviousness and the claimed subject matter of the '864 patent. Lilly intends to prove that the subject matter of the asserted claims would have been obvious notwithstanding any alleged secondary considerations. Lilly also will prove that there is no showing that the claim limitations of the asserted claims of the device patents-in-suit have a nexus to the alleged secondary considerations, including alleged commercial success of Lantus®, alleged long-felt but unmet need, and alleged industry acclaim.

13.  Lilly intends to prove it is entitled to a judgment declaring that claims 2 and 3 of the '864 patent are invalid for obviousness, as discussed in paragraphs 11-12.

### B.  The '044 Patent

14.  Lilly intends to prove by clear and convincing evidence that claims 1, 2, 4, 5, 6, 7, 8, and 10 of the '044 patent are invalid under 35 U.S.C. § 103(a) because they would have been

obvious as of time of the alleged invention in view of the prior art, which includes the teachings of *Steenfeldt-Jensen*, *Møller*, and U.S. Patent No. 6,221,046 ("*Burroughs*").

15. Sanofi has the burden of producing evidence of any secondary considerations of non-obviousness to support the validity of claims 1, 2, 4, 5, 6, 7, 8, and 10 of the '044 patent including a nexus between such alleged secondary considerations of non-obviousness and the claimed subject matter of the '044 patent. Lilly intends to prove that the subject matter of the asserted claims would have been obvious notwithstanding any alleged secondary considerations. Lilly also will prove that there is no showing that the claim limitations of the asserted claims of the device patents-in-suit have a nexus to the alleged secondary considerations, including alleged commercial success of Lantus®, alleged long-felt but unmet need, and alleged industry acclaim.

16. Lilly intends to prove it is entitled to a judgment declaring that claims 1, 2, 4, 5, 6, 7, 8, and 10 of the '044 patent are invalid for obviousness as discussed in paragraphs 14-15.

### C. The '069 Patent

17. Lilly intends to prove by clear and convincing evidence that claim 1 of the '069 patent is invalid under 35 U.S.C. § 103(a) because it would have been obvious as of the time of the alleged invention in view of the prior art, which includes the teachings of *Steenfeldt-Jensen* and *Møller*.

18. Sanofi has the burden of producing evidence of any secondary considerations of non-obviousness to support the validity of claim 1 of the '069 patent including a nexus between such alleged secondary considerations of non-obviousness and the claimed subject matter of the '069 patent. Lilly intends to prove that the subject matter of the asserted claims would have been obvious notwithstanding any alleged secondary considerations. Lilly also will prove that there is no showing that the claim limitations of the asserted claims of the device patents-in-suit have a

nexus to the alleged secondary considerations, including alleged commercial success of Lantus®, alleged long-felt but unmet need, and alleged industry acclaim.

19. Lilly intends to prove it is entitled to a judgment declaring that claim 1 of the '069 patent is invalid for obviousness as discussed in paragraphs 17-18.

### D. The '652 Patent

20. Lilly intends to prove by clear and convincing evidence that claims 7, 10, 16, 20, 23, and 24 of the '652 patent are invalid under 35 U.S.C. § 112 for failure to comply with the written description requirement, at least because the specification of the '652 patent fails to describe the scope of the claims asserted by Sanofi in this action, and fails to demonstrate that the named inventors were in possession of an alleged invention that justifies the breadth of claim scope being asserted by Sanofi in this action.

21. Lilly intends to prove it is entitled to a judgment declaring that the claims 7, 10, 16, 20, 23, and 24 of the '652 patent are invalid for failure to comply with the written description requirement as discussed in paragraph 20.

### E. The '930 Patent

22. Lilly intends to prove by clear and convincing evidence that claims 7, 13, and 17 of the '930 patent are invalid under 35 U.S.C. § 112 for failure to comply with the written description requirement, at least because the specification of the '930 patent fails to describe the scope of the claims asserted by Sanofi in this action, and fails to demonstrate that the named inventors were in possession of an alleged invention that justifies the breadth of claim scope being asserted by Sanofi in this action.

23. Lilly intends to prove it is entitled to a judgment declaring that claims 7, 13, and 17 of the '930 patent are invalid for lack of written description as discussed in paragraph 22.

### III. PROSECUTION LACHES

24. Lilly intends to prove by a preponderance of the evidence that the '864, '044, and '069 patents are unenforceable against Lilly due to prosecution laches as a result of the inexplicable and unreasonable delay between the filing of Great Britain Application No. 0304822.0 on March 3, 2003, from which the asserted '864, '044, and '069 patents all claim priority, and prosecution of the applications resulting in the '864, '044, and '069 patents, which were all granted after October 2014. The evidence will show that Sanofi has not shown a good faith basis for delaying years to first raise a claim that Lilly's KwikPen device infringes a patent claim seeking priority to a pen application filed over a decade ago in 2003.

25. Lilly intends to prove it is entitled to a judgment declaring that the '864, '044, and '069 patents are unenforceable due to prosecution laches as discussed in paragraph 24.

### IV. REMEDIES

26. Lilly requests that the Court enter a judgment declaring that Lilly has not and will not infringe claims 2 and 3 of the '864 patent, claims 1, 2, 4, 5, 6, 7, 8, and 10 of the '044 patent, claim 1 of the '069 patent, claims 7, 10, 16, 20, 23, and 24 of the '652 patent, and claims 7, 13, and 17 of the '930 patent, as discussed in paragraphs 1–10 *supra*.

27. Lilly requests that the Court enter a judgment declaring that claims 2 and 3 of the '864 patent, claims 1, 2, 4, 5, 6, 7, 8, and 10 of the '044 patent, claim 1 of the '069 patent, claims 7, 10, 16, 20, 23, and 24 of the '652 patent, and claims 7, 13, and 17 of the '930 patent are invalid, as discussed in paragraphs 11–23 *supra*.

28. Lilly requests that the Court enter a judgment declaring that the '864, '044, and '069 patents are unenforceable due to prosecution laches as discussed in paragraphs 24–25 *supra*.

29.     Lilly requests that the Court enter an Order directing the FDA to refrain from staying approval of Lilly's NDA based on this lawsuit.

30.     Lilly requests that the Court enter a judgment enjoining and restraining Sanofi and their officers, agents, servants, employees, attorney, and those persons in active concert or participation with them from further charges of infringement or acts of enforcement based on the '864, '044, '069, '652, and '930 patents against Lilly or its actual and prospective business partners, customers, suppliers, clinical investigators, and anyone in privity with Lilly.

31.     Lilly reserves the right to seek an award of attorneys' fees pursuant to 35 U.S.C. § 285.

32.     Lilly reserves the right to seek an award of taxable costs and interest.

33.     Lilly requests a grant of such other and further relief as the Court deems just and proper.